UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-24369-CIV-COOKE

EDDY LEAL, P.A.,

    Appellant,

v.

Orlando Benitez, Jr.,

    Appellee.

_____/

## ORDER DENYING EMERGENCY MOTION TO STAY PENDING APPEAL

THIS MATTER is before me on Appellant's Emergency Motion to Stay Pending Appeal (ECF No. 5), which seeks a stay pursuant to Federal Bankruptcy Rule 8007(b) of the bankruptcy court's Memorandum Opinion and Order Denying Eddy Leal, P.A.'s Motion for Imposition of Charging Lien (ECF No. 1, Ex. A). Appellee filed his Response in Opposition (ECF No. 9), and Appellant then filed a Reply (ECF No. 13). With leave of this Court, Appellee filed a Sur-Reply (ECF No. 17). I have carefully considered the parties' arguments, the record, and the relevant legal authorities. For the reasons discussed below, Appellant's Motion is denied as moot.

### I.    BACKGROUND[1]

Appellant is Appellee's former counsel in various bankruptcy and state court proceedings, including the underlying case from which this appeal arises. ECF No. 5, ¶ 1. Around October 2016, Appellant filed a motion to withdraw in the underlying bankruptcy case, which was granted by the bankruptcy court. *Id.* at ¶ 2. In April 2017, Appellant filed a Notice of Filing Charging Lien and sought to impose its charging lien in October 2017. *Id.* at ¶ 4. The bankruptcy court held a hearing on the motion and, after supplemental briefing by Appellant, issued an order denying Appellant's charging lien dated November 30, 2017. *Id.* at 5; ECF No. 8-1, p. 1. The order also directed the bankruptcy Trustee or Appellee's

---

[1] The following facts are taken from the parties' motion, response, and replies, as well as the parties' exhibits. I included only those facts relevant to the issue of a stay.

1

counsel to disburse the $100,000 funds which had been held in escrow in respect of Appellee's charging lien motion. ECF No. 8-1, p. 9. On December 1, 2017, Appellant filed a notice of appeal in the bankruptcy court leading to the instant case, as well as a notice of appeal in a separate bankruptcy case involving the same underlying facts. *See* ECF No. 1; *Eddy Leal, P.A. v. Orlando Benitez, Jr.*, 17-CIV-24371-PCH. The other case is now pending before the Honorable Paul C. Huck. *See* 17-CIV-24371-PCH. A few days later on December 6, 2017, Appellant subsequently filed a motion to stay in the bankruptcy court on December 6, 2017. ECF No. 5, p. 9. Unbeknownst to Appellant, Appellee's counsel disbursed the escrowed funds to Appellee that same day. *Id.* On December 12, 2017, the bankruptcy court issued an order denying Appellant's motion to stay. ECF No. 5-1, p. 10. Appellant filed the instant Emergency Motion to Stay Pending Appeal on December 13, 2017. On December 14, 2017, I granted a temporary stay of the order on appeal until December 21, 2017 to allow the parties to brief the issue of the stay. ECF No. 6. A similar emergency motion was filed in the case before Judge Huck, but no stay was issued. *See* 17-CIV-24371-PCH, ECF Nos. 10, 12.

## II. DISCUSSION

"Ordinarily, a party seeking to stay a bankruptcy court order pending appeal to the District Court must first ask the bankruptcy court for that relief." *In re Alessi Family Ltd. P'ship*, 261 F. Supp. 3d 1294 (S.D. Fla. 2017). If a motion was made before the bankruptcy court and has been ruled upon, the party seeking a stay may move for a stay before the district court and set out any reasons given for the ruling. *Id.* (quoting *Rosebrough v. Regions Bank, NA*, 2015 WL 12860291, at *1 (S.D. Fla. July 21, 2015).

"A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant." *In re Lickman*, 301 B.R. 739, 742 (Bankr. M.D. Fla. 2003). To be entitled to a stay pending appeal, the movant must meet the following four requirements: "1) the movant is likely to prevail on the merits on appeal; (2) movant will suffer irreparable damage absent a stay; (3) the nonmovant will suffer no substantial harm from the issuance of the stay; and (4) a stay will serve the public interest." *In re Alessi Family Ltd. P'ship*, 261 F. Supp. 3d (citing *Garcia–Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *In re Gonzalez*, 2012 WL 12895515, at *1 (S.D. Fla. Jan. 23, 2012)). "The movant must show 'satisfactory evidence on all four criteria, and the failure to

2

satisfy one prong is fatal to the motion.'" *In re Lickman*, 301 B.R. at 742 (quoting *In re Brown*, 290 B.R. 415, 424 (Bankr. M.D. Fla. 2003)).

    Here, Appellant cannot show he will suffer irreparable harm absent a stay because the act he wishes to stay has already taken place, rendering the need for a stay moot and the harm already suffered. Appellant's Emergency Motion to Stay Pending Appeal seeks to stay the bankruptcy court order denying Appellant's motion for imposition of a charging lien, which authorized and directed the bankruptcy Trustee or Appellee's counsel to disburse the $100,000 funds being held in escrow in respect of Appellant's charging lien motion. After issuance of the bankruptcy court's order on December 1, 2017, Appellee's counsel disbursed the funds held in escrow to Appellee on December 6, 2017. This happened to be the same day Appellant filed its motion to stay before the bankruptcy judge. Whether or not this transfer was proper, it means that when I entered my Order granting a temporary stay, the funds had already been disbursed for eight days. The status quo now is such that a stay would have no effect on the location of the funds. Further supporting the idea that a stay would provide no meaningful relief, in the case before Judge Huck, there is no stay in place and Appellant is in the exact same position as it is in this case. A stay of the order at this point would have no practical effect and therefore the issue of a stay is moot.

    Appellant makes two main arguments as to why the disbursement of funds does not moot his motion for stay.[2] First, Appellant argues that because it timely filed a notice of appeal and a motion to stay *prior* to the transfer of funds, the request for a stay is not moot. Appellant cites to three cases to support its argument. However, two of the three cases refer to the aggrieved party's right to *appeal* the underlying order, not whether a stay is appropriate. In *Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Estate of Langkau*, 353 F. App'x 244 (11th Cir. 2009), the court determined the district court's disbursal of the insurance proceeds, whether or not in violation of Federal Rule of Procedure 62, did not abolish appellant's rights to the property because the appellant could recover the proceeds if the

---

[2] Appellant also argues that Appellee waived the mootness argument by not bringing it to the attention of the bankruptcy court after Appellant filed its first motion to stay. However, the motion was filed on December 6, 2017 and the bankruptcy court issued its order denying Appellant's motion on December 12, 2017. It appears the bankruptcy court may have ruled on the motion before Appellee had a chance to respond; I therefore do not find Appellee has clearly waived the argument, nor would doing so change whether the issue of a stay is moot.

court determined on remand he was entitled to them. *Id.* at 248. Similarly, in *Koster & Wythe v. Massey*, 262 F.2d 60 (9th Cir. 1958), the court found "[t]he mere fact that payment was made pursuant to the order does not cut off the plaintiffs' *right to appeal*," but did not discuss whether it would have mooted the need for a stay. *Id.* at 62 (emphasis added). The third case, *Kowalski v. Jackson Nat'l Life Ins. Co.*, 2014 WL 11531364 (S.D. Fla. Jan. 22, 2014), simply states it is within the court's discretion whether to grant a stay. *Id.* at *2. None of Appellant's cases support the idea that a stay is an appropriate remedy after funds have been disbursed, even if the motion was filed prior to the transfer.

Appellant's next argument, which it raised for the first time in its reply, is that the disbursement of the funds was contrary to Federal Rule of Civil Procedure 62(a), which provides "no execution may issue on a judgment . . . until 14 days have passed." However, as Appellee points out, "the Federal Civil Rules only apply to the extent they have been explicitly incorporated by the Federal Bankruptcy Rules." *Rosenberg v. DVI Receivables XIV, LLC*, 818 F.3d 1283, 1288 (11th Cir. 2016). Bankruptcy Rule 7062 states that "Rule 62 F.R.Civ.P. applies in adversary proceedings." This proceeding is not an adversary proceeding, and even if it were, it would not change the fact that a stay in the instant matter would provide no meaningful relief since the funds have already been disbursed. I will therefore exercise my discretion and decline to enter a stay.

Because the matter of a stay is moot and therefore Appellant cannot show irreparable harm, I do not address the other factors to be weighed in granting a motion to stay pending appeal. *See In re Lickman*, 301 B.R. at 742 ("The movant must show 'satisfactory evidence on all four criteria, and the failure to satisfy one prong is fatal to the motion.'"). However, I make no determination as to whether Benitez procured the funds before or after Appellant's first motion to stay and whether such conduct could lead Appellee's counsel to be held jointly and severally liable for Appellant's attorney's fees should Appellant ultimately prevail in this appeal. *See Hall, Lamb & Hall, P.A. v. Sherlon Investments Corp.*, 7 So. 3d 639, 640 (Fla. Dist. Ct. App. 2009) (holding parties with knowledge of charging lien may be held jointly and severally liable for repayment of fees).

### III. CONCLUSION

For the reasons stated above, Appellant's Emergency Motion for Stay Pending Appeal (ECF No. 5) is **DENIED**. The parties shall file their briefs in compliance with

4

Federal Rule of Bankruptcy Procedure 8018.

**DONE and ORDERED** in chambers at Miami, Florida, this 21ST day of December 2017.

_____
MARCIA G. COOKE
United States District Judge